IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LASHAUN PERRY,<br><br>    Defendant. | Case No. 12-MJ-117<br><br>ORDER FOR PRETRIAL DETENTION |

On the 14th day of June, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Gerald J. Kucera.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 12, 2012, Defendant Lashaun Perry was charged by Criminal Complaint (docket number 2) with being a felon in possession of a firearm. At the hearing, Cedar Rapids Police Officer John O'Brien testified regarding the circumstances underlying the instant charge.[1] On June 8, 2012, law enforcement initiated an investigation of Defendant being a felon in possession of a firearm. Officers went to Defendant's residence, and inquired about the serial number on Defendant's firearm.[2] Defendant entered his residence and returned with a gun. The firearm was loaded and Defendant unloaded the weapon at the officers' request. Defendant told the officers the serial number on the gun, and allowed them to take a photograph of the serial number.

---

[1] O'Brien is currently assigned to the FBI "Safe Streets" Task Force.

[2] Defendant spoke to the officers from his porch, and the officers were located on the outside of a fence surrounding Defendant's residence.

1

On June 12, 2012, law enforcement executed a search warrant at Defendant's residence. Defendant was taken to the Cedar Rapids Police Department, and told officers that the firearm was located under a night stand near his bed. Law enforcement found the gun where Defendant told them it was located. The firearm was loaded. Officers also found $500.00 in cash in Defendant's pants, and $7,130.00 in cash in 2 shoes in Defendant's bedroom. Additionally, law enforcement found glass jars containing green residue and having an odor of marijuana. Furthermore, a digital scale with marijuana residue on it was found at Defendant's residence. Officers also had a K-9 officer walk around Defendant's vehicle. The dog alerted on the vehicle, and a state search warrant was obtained to search the vehicle. Inside the vehicle, officers found marijuana and more jars containing green residue.

According to the pretrial services report, Defendant is 35 years old. He was born and raised in Chicago, Illinois. He moved to Cedar Rapids, Iowa, about ten years ago. His mother and younger brother also live in Cedar Rapids. Defendant told the pretrial services officer that he has been the primary caregiver for his mother and brother over the past six years.[3] Defendant has never been married, but has a four-month-old child from a relationship with Shoabi Clarke. Defendant's child lives with her mother in Cedar Rapids.

In addition to caring for his mother and brother, Defendant told the pretrial services officer that he did automotive repairs at Big Boys Auto in his spare time. Defendant is in good physical health and reports no history of mental or emotional health concerns. According to Defendant, he has not smoked marijuana since he was a teenager. He admitted that alcohol consumption has been problematic in the past.

Defendant has an extensive criminal record. In 1997, Defendant was charged and later convicted of possession of a controlled substance. He was given 1-year of probation, which was terminated unsatisfactorily. In 2000, Defendant was arrested five times and

---

[3] Defendant's mother is physically handicapped and suffers from dementia. His brother is on disability for schizophrenia.

2

charged in separate instances with domestic battery (twice), disorderly conduct (twice), and aggravated assault. The disposition is unknown on one of the domestic battery charges and one of the disorderly conduct charges. The other domestic battery charge was not prosecuted. The other disorderly conduct charge and the aggravated assault charge were both stricken with leave to reinstate.

In 2001, Defendant was arrested two times and charged in separate instances with battery causing bodily harm and gambling.[4] Both charges were stricken with leave to reinstate. In 2002, Defendant was arrested four times and charged in separate instances with possession of 15 grams or more of cocaine, criminal trespass to land, and burglary (twice). He was convicted of the cocaine possession charge and sentenced to boot camp. The criminal trespass to land charge was stricken with leave to reinstate. He was convicted on both burglary charges and given 2 years' probation on both charges. A violation of probation was issued on both charges, and an arrest warrant was issued. The warrant was returned and he was placed back on probation. On October 29, 2004, Defendant's probation was terminated satisfactory.

Between February 12, 2004 and April 12, 2005, Defendant was arrested 14 times. His charges included third degree theft, interference with official acts (twice),[5] driving while barred (three times), fifth degree criminal mischief (twice), disorderly conduct (three times), assault on peace officers, domestic abuse assault,[6] OWI, disorderly house, and public intoxication. Except for the two charges that were dismissed, Defendant was convicted on all of the other charges. In at least nine of these arrests, Defendant was on probation in the two 2002 burglary charges. Furthermore, Defendant committed at least six of these criminal acts while other charges were pending. In his fifth degree criminal

---

[4] The gambling charge occurred while the 2000 battery charge was pending.

[5] The March 2004 charge of interference with official acts was ultimately dismissed.

[6] This charge was ultimately dismissed.

3

mischief and disorderly conduct charges from May 2004, Defendant had his pretrial release revoked.

In 2006, Defendant was arrested four times. He was charged in separate instances with operation of a motor vehicle with an expired license, public intoxication, OWI, and false report to law enforcement. Defendant was convicted on all of the charges except the false report to law enforcement charge which was dismissed. In the operation of a motor vehicle charge with an expired license charge, Defendant failed to appear for a hearing, and an arrest warrant was served on him. In November 2007, Defendant was charged and later convicted of public intoxication.

In 2008, Defendant was arrested five times. He was charged with interference with official acts, bodily injury, public intoxication (twice), controlled substance violation, and driving while barred. The controlled substance violation charge and one of the public intoxication charges were dismissed. Defendant was convicted on all of the other charges. All of these arrests occurred while other charges were pending. In September 2009, Defendant was charged in two separate counts of domestic abuse assault and interference with official acts. Both counts were ultimately dismissed. In November 2009, Defendant was charged and later convicted of interference with official acts.

In July 2010, Defendant was charged and later convicted of interference with official acts. In September 2010, Defendant was charged and later convicted of two counts of interference with official acts and assault on a peace officer. Defendant was sentenced to 2 years in prison (suspended) and 2 years' probation. A probation revocation hearing is scheduled in state court for July 13, 2012. In October 2011, while the interference with official acts and assault on a peace officer charges remained pending, Defendant was charged with first degree theft. Trial is scheduled for that charge in state court on July 30, 2012. In November 2011, while the first degree theft charge was pending, Defendant was charged with driving while barred and interference with official acts. Trial is scheduled in state court in that matter also on July 30, 2012. Finally, in May 2012, Defendant was charged and convicted of public intoxication.

4

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A

finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. Defendant is a convicted felon. He knowingly possessed a firearm on June 8, 2012. On that date, law enforcement observed Defendant in possession of the firearm. In a search of Defendant's residence law enforcement found the firearm where Defendant told them it would be located. The Court is particularly concerned with Defendant's extensive history of committing criminal acts while on probation or pretrial release. Defendant also has a history of violent offenses, including assault, battery, burglary (three convictions),

and assault on peace officers (two convictions). The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released, to assure his appearance in court, or assure the safety of the community. Therefore, based on the serious nature and circumstances of the offense, Defendant's extensive history of committing crimes while on probation and pretrial release, and the strong evidence against him, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 12, 2012) to the filing of this Ruling (June 15, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 15th day of June, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA